nuisance, but of his liability for it.    It is not the usual habit of dogs
to be vicious, especially in the presence of their masters; and notice
is necessary in order to charge the master with the duty of suppress-
ing or abating the nuisance, i. e. the dog.    The burden of showing
this notice is upon the plaintiff, and hence he must plead it.    The
plaintiff has done so in the case before us.    In May v. Burdett, 9
Adol. & El. (N. S.) 101, cited in Earl v. Van Alstine, 8 Barb. 630,
the declaration alleged that the defendant wrongfully kept a mon-
key, well knowing that it was of a mischievous and ferocious nature
and accustomed to bite mankind, and that the said monkey did
bite the plaintiff's wife, but the declaration did not aver that the
defendant was guilty of negligence.    The plaintiff had a verdict,
and a motion to set it aside was denied, partly because made after
verdict, but the court also held that negligence was proved by prov-
ing the facts alleged.    Under our system of pleading, the complaint
is a statement of the facts constituting the cause of action..    If
proof of the facts alleged is proof of negligence, then the facts al-
leged constitute a sufficient charge of negligence. ˙ We think the
complaint sufficiently charges that the defendant knowingly main-
tained a nuisance, by which the plaintiff was damnified; that, so
far as negligence of the defendant is an essential to his liability,
it is implied in the statement of the complaint; and that it remains
with the defendant to answer the charge.    Interlocutory judgment
affirmed, with costs, with the usual leave to the defendant to answer
upon payment of costs in this court, and as awarded below.

Interlocutory judgment affirmed, with· costs, with leave to defend-
ant to answer within 20 days, upon payment of costs of this appeal,
and of the costs as awarded in the court below.    All concur.

---

(17 Misc. Rep. 113)

### CLARK v. NEW YORK CENT. & H. R. R. CO. ˙

#### (Supreme Court, Trial Term, Montgomery County.  May, 1896.)

RAILROAD COMPANIES—ACCIDENT AT CROSSING—PROOF OF NEGLIGENCE.
    The charge of negligence in not blowing the whistle or ringing the bell
    as the locomotive approached the crossing is not sustained by the evidence
    where nine witnesses for plaintiff, who were in the vicinity when the
    locomotive passed, testified that they did not hear the bell or whistle, but
    did not assign any reason why they should notice the absence of the
    sound, while the foreman of a gang of trackmen at work near the crossing
    and the conductor of the train, the engineer, fireman, flagman, and brake-
    man all testified that the bell was rung and that the whistle was blown as
    the train approached the crossing.

Action by Maggie Clark, as administratrix, against the New York
Central & Hudson River Railroad Company, to recover damages for
the alleged negligent killing of plaintiff's intestate.  Plaintiff re-
covered a verdict for $2,580, and defendant moves for a new trial
on the ground that the verdict was against the weight of evidence.
Granted.

L. F. Fish and H. V. Borst, for plaintiff.
J. D. Wendell, for defendant.

RUSSELL, J.    The plaintiff recovered a verdict of $2,580 for the negligent killing of her deceased husband.    The defendant moves to set aside this verdict, on the ground that it is against the weight of the evidence, among the other reasons urged for a new trial. The ground of negligence charged was the absence of proper warning of the approaching train which killed the intestate.    The intestate was proceeding to cross the track from the south.    The train came from the east, on the third or furthest track from the intestate's point of entrance upon the railroad.    The jury had a right to find that on the first track, which was a switch track, cars stood at the right and left of the passageway, which partially hid the approach of a train, but the other two tracks were clear of standing cars, and about 20 feet intervened from the point of clear vision, both ways, before the horse could reach the track on which the engine struck him.    The horse was proceeding upon a walk.    Under the evidence, the jury had a fair right to find, if that evidence satisfied their minds, a verdict of negligence against the defendant, if proper signals were not given to warn approaching travelers over the passageway.    Was the evidence offered by the plaintiff sufficient to justify a jury, acting within their undoubted province of determination, to find that signals were not given?    The evidence on behalf of the plaintiff consisted of the testimony of nine witnesses, who were variously occupied at points adjacent to the scene of the accident, and who testified that they did not hear the bell ring or the whistle of the locomotive while it was approaching the crossing. None of these witnesses had any special or peculiar reason for so noticing the absence of the sound of the whistle or the bell at the time the train was approaching, for nothing indicated, up to the time the bell should have rung or the whistle sounded, that an accident was likely to occur; and there was no reason assigned why they should notice this absence of sound, any more than that of any of the other 50 or 60 trains passing that day, or such of them as they were in position to hear.    In hearing the testimony it seemed to the trial judge as though the statements given by the witnesses, under oath, as to their recollection of what did or did not occur, was rather of the character of a want of conscious perception of the absence of the sound, than that of any affirmative statement coming from an intelligent notice that there was no sound of bell or whistle.    For the defendant, the foreman of a gang of laborers at work on the track, five to six hundred feet from the crossing, the conductor of the train, the engineer, the fireman, a flagman on the train, a trainman, and a brakeman, each distinctly testify to the ringing of the bell and the blowing of the whistle; and, in addition, a blacksmith working adjacent to the track, not connected with the railroad company, also testified to hearing the whistle.    Aside from this affirmative testimony, which was strengthened to some extent by a reason for recollecting on the part of some of the defendant's witnesses, furnished by the presence of the group of laborers at work on the very track on which the train had to approach the crossing, is the almost conclusive presumption afforded by that very fact of the laborers at work upon the track.    To reach the crossing where the intestate

was killed, from the point where the whistle should blow and the bell should ring, it was necessary to pass that very group, and a signal given to warn them would undoubtedly be a signal to those on the crossing itself. This group of laborers was in plain sight for one-half a mile or more. They were busily engaged in their occupation upon the track. Their foreman was warned, as he testifies, by the sound of the bell and the whistle. And it is incredible that on a bright afternoon in May a locomotive engineer or a fireman would fail to warn laborers, busy upon the track over which the train must pass, of that approaching train, so that they might clear the track in time, and not carelessly stand upon it, or too near it for safety. The danger was so obvious to those in charge of the train that it would have been inhuman to have neglected the warning. The testimony of the foreman in charge of the Italian laborers, of the railroad employés, and of the blacksmith, is so thoroughly in harmony with the natural and almost certain action of men under similar circumstances that, in the view of this court, a jury had no right to throw aside this affirmative testimony, and these strong presumptions, upon any plea that railroad servants will testify to anything in the interest of the corporation, for fear of consequences, and uphold the negative testimony of those who did not hear, or were unconscious at the time of hearing, as overpowering the other class of evidence sufficiently well to produce a verdict for the plaintiff. The verdict, therefore, will be set aside as against the weight of the evidence.

Motion granted.